UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

HELEN CASTANO
                                                                                                  PRISONER
    v.                                                          Case No. 3:05cv456 (WWE)

WILLIAM WILLINGHAM and
KATHLEEN HAWK-SAWYER

MEMORANDUM OF DECISION

The petitioner, Helen Castano, is currently confined at the Federal Correctional Institution in Danbury Connecticut. She filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, to challenge the calculation of good time credit. Respondents oppose the petition. For the reasons that follow, the petition will be denied.

Discussion

The petitioner challenges the calculation of good time credit, an issue relating to the execution of her sentence. Thus, the petition properly was filed pursuant to section 2241. See Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001) ("[a] motion pursuant to [section] 2241 generally challenges the *execution* of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary

actions, prison transfers, type of detention and prison conditions").

Good time credit is awarded pursuant to 18 U.S.C. §3624(b)(1), which provides:

> [A] prisoner who is serving a term of imprisonment of more than one year ... may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. ... Credit that has not been earned may not later be granted.  Subject to paragraph (2), credit for the last year of portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

The Bureau of Prisons ("BOP") has interpreted this provision to mean that "an inmate earns 54 days credit toward service of sentence (good conduct time credit) for each year served."  28 C.F.R. § 523.20.  The petitioner argues that, by this interpretation, the BOP has incorrectly credited her with only 47 days good conduct time credit for each year of her sentence.  She contends that this calculation requires her to serve more than the 85% of her sentence that Congress intended.

The Second Circuit has addressed this issue and determined that, because the regulation interpreting section 3624 was adopted through the notice-and-comment procedure and is not an

2

interpretation of substantive criminal law, the regulation is entitled to full deference under Chevron, U.S.A., Inc. v. NRDC, Inc., 467 U.S. 837, 842 (1984).  See Sash v. Zenk, 428 F.3d 132, 135 (2d Cir. 2005).  Under Chevron, when a federal statute has been interpreted by a federal agency charged with implementing that statute, the court must follow a two-prong analysis.  First, the court must determine whether Congress' intent is clear from the plain language of the statute.  See Chevron, 467 U.S. at 842-43.  If the statute is "silent or ambiguous" and, therefore, the court cannot ascertain Congress' intent, the court must defer to the agency's interpretation so long as it is "based on a permissible construction of the statute."  Id. at 843.

The Second Circuit found that the Bureau of Prisons' interpretation of section 3624(b), as referencing actual time served, was reasonable.  See Sash, 428 F.3d at 137.  The Second Circuit reasoned that the reference in the statute to actual years served justified the calculation of good time credits at the end of each year of imprisonment.  See id.

The decision of the Second Circuit is controlling in this case because the petitioner raises the same arguments addressed in Sash.  Thus, the Bureau of Prisons' calculation of the petitioner's good time credits was reasonable.

In conclusion, the petition for writ of habeas corpus [**doc. #1**] is **DENIED**.  The court determines that no question of

substance is presented for appellate review.  Thus a certificate of appealability is denied.

**SO ORDERED** at Bridgeport, Connecticut this 30th day of September, 2006.

```
            /s/
Warren W. Eginton
Senior United States District Judge
```